ROBERT MONTGOMERY and others, Executors, *vs.* THOMAS J. WITBECK.

October 19, 1876.

**Promissory Note of Infant—Ratification.**—Where, in a suit on a promissory note executed by the defendant before he became of age, his infancy is pleaded as a defence, and there is evidence tending to show that the note was given as a part of the consideration upon an agreement for the purchase of property, the plaintiff may prove a ratification of the note, by introducing the deed conveying the property to the defendant after he became of age, and also show that he afterwards mortgaged the same property.

Action upon a promissory note for $1,000, bearing date April 1, 1867, and payable one year thereafter, brought by the executors of Lyman Montgomery, the payee, against the maker. Defences, infancy and want of consideration, pleaded as follows in the answer : "The defendant, further answering, admits the execution of said note, but avers that, at the time of the execution thereof, this defendant was a minor, under the age of twenty-one years, and that said note was executed without any valuable consideration whatever moving to this defendant, and this defendant has never ratified and confirmed his action in said matter since the execution of said note."

At the trial in the court of common pleas for Hennepin county, before *Young,* J., it was admitted that the defendant was an infant when the note was made, and became of age on July 13, 1867. The plaintiffs, having introduced evidence tending to prove that the note was given on the purchase by the defendant from plaintiffs' testator of one-eighth interest in a paper-mill at Minneapolis, offered in evidence the record of a deed of one-eighth interest in such mill from plaintiffs' testator to the defendant, bearing date August 20, 1867, and also the records of three mortgages of such one-eighth, made by defendant, and bearing date, respectively, September 11, 1867, November 6, 1869, and December 18, 1871, all which were excluded,

and exceptions duly taken. The plaintiffs also offered in evidence four letters from defendant to their testator, the first of which, bearing date March 18, 1867, is as follows : " Everything is working well. I will take an eighth interest in the paper-mill ; also, I will have means at my disposal to invest with you in grain or anything that there is a chance to make ;" and the third, bearing date January 23, 1868, is as follows : " * * * I did not ask to be relieved from paying note, but simply asked to have it read as we talked, and dated when value received. * * * I intend to do as I agreed. * * * Make it payable when I can make it out of the mill, as you said you would wait till that time." Both these letters were excluded, on defendant's objection, and plaintiffs duly excepted. The defendant introduced evidence tending to show that the purchase from plaintiffs' testator, of the interest in the mill, was made by defendant's father, and not by defendant ; that the father paid the full purchase price, and that the note in suit was given after such purchase, and simply as a bonus. The jury found for the defendant, a new trial was refused, and plaintiffs appealed.

*Hauser & Robinson*, for appellants.

*Cooley & Lowry*, for respondent.

GILFILLAN, C. J. Suit on a promissory note. The answer alleged infancy at the time of its execution, and also a want of consideration. The note was executed April 1, 1867, and the defendant came of age July 13, 1867. On the trial there was evidence from which it might be gathered that the note was given upon an agreement to purchase one-eighth interest in a paper-mill property from the payee by the maker. The plaintiffs then offered in evidence the record of a deed by the payee to defendant and others, which conveyed to defendant one-eighth of the paper-mill property, executed August 20, 1867, and also the records of three several mortgages upon the same property, executed by defendant subsequently to the deed to him. These were all

excluded by the court. The object of the offers was, manifestly, to show a ratification of the note by defendant after he became of age. In this view the evidence was competent. If, upon the evidence, the jury had been satisfied that the note was given for a part of the consideration upon an agreement, made at or about the time of its execution, to purchase the one-eighth interest in the paper-mill— and there certainly was evidence tending to prove that such was the case—then the consummation of the agreement, by receiving a conveyance of the property, and dealing with it as his own, by defendant, after he became of age, amounted to a ratification of the entire transaction, including the note, and would be an answer to the defence of infancy. Excluding the record of the deed and mortgages was, therefore, error.

We think, also, the letters of defendant offered, of dates of March 18, 1867, and January 23, 1868, were competent to go to the jury upon the question of consideration for the note.

The defendant's infancy, and the want of consideration, are sufficiently alleged in the answer.

Order reversed, and new trial ordered.

CORNELL, J., *dissenting*. The case before us presents all the testimony given on the trial, together with the documentary evidence, the rejection of which is claimed as error. Had this evidence been received, the trial court, in the exercise of its discretion, could, and in my opinion ought to, have set aside any verdict rendered in favor of plaintiffs, as against evidence, on the ground that no reasonable view of the case, upon the whole evidence, could support any other conclusion than that the alleged agreement of purchase of the mill property was, in fact, between the father of defendant and the deceased, and that the note in question was, therefore, without consideration, and void. Were the case before us upon an appeal from such a decision, I have no doubt this court would not disturb it. The manner in

which it is presented is not substantially different. Upon the evidence received at the trial it is apparent to my mind that the verdict was based upon the want of consideration in the note.

The excluded letters contain nothing, in my opinion, properly considered, tending to vary or strengthen the force and effect of this evidence, and the court below concluded, therefore—and correctly, as I think—that a retrial, with this additional testimony alone, would necessarily result in a like verdict upon this issue. Upon such a disposition of the case the question of ratification becomes an immaterial one, and no prejudice could result from the exclusion of the deed and mortgages as evidence. Upon these grounds I think the order denying a new trial should be affirmed.